**Charles ROSS, Petitioner—Appellant,**

v.

**Sylvia GARCIA, Warden, Respondent— Appellee.**

**No. 01–56827.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 4, 2003.*

Decided Dec. 19, 2003.

---

appellant's opening brief, that motion is denied as moot.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Roger S. Hanson, Esq., Santa Ana, CA, for Petitioner–Appellant.

Sara Gros–Cloren DAG, Kevin R. Vienna, Esq., Agca–Office of the California Attorney General (San Diego), San Diego, CA, for Respondent–Appellee.

Before: NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

California state prisoner Charles Ross appeals the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Ross challenged his 1993 jury trial conviction for murder, alleging juror bias. The California Court of Appeal determined that the jury foreperson was not biased against Ross, and we affirm the district court's denial of Ross' petition.

Because the parties are familiar with the factual background, we do not recite the details here. We review a district court's decision to deny a 28 U.S.C. § 2254 habeas petition de novo. *See Benn v. Lambert*, 283 F.3d 1040, 1051 (9th Cir.), *cert. denied*, 537 U.S. 942, 123 S.Ct. 341, 154 L.Ed.2d 249 (2002).

■ The Ninth Circuit permits defendants alleging juror partiality to proceed on theories of actual or implied bias. *United States v. Plache*, 913 F.2d 1375, 1378 (9th Cir.1990). However, we may only imply bias in exceptional circumstances. *McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 556–57, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984) (Blackmun, J., concurring) (citing *Smith v. Phillips*, 455 U.S. 209, 215–16, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982)). We have implied bias where (1) a juror has prejudicial information about the defendant; (2) a juror has a personal connection to the defendant, victim, or witnesses; or (3) a juror or a close

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

relative of the juror has been involved in a situation involving similar facts. *Coughlin v. Tailhook Ass'n,* 112 F.3d 1052, 1062 (9th Cir.1997); *see also Dyer v. Calderon,* 151 F.3d 970, 973 (9th Cir.1998) (en banc) (implying bias from juror's pattern of lying about similar crime perpetrated against her relative). Extreme instances of juror deception may also permit us to imply bias. *See Green v. White,* 232 F.3d 671, 677–78 (9th Cir.2000) (implying bias from juror's excessive, deliberate lies). Here, we hold that the jury foreperson's misconduct at Ross's trial does not rise to such egregious levels.

In addition, the California Court of Appeal considered whether Hibbitts was actually biased against Ross and found that he was not. The Court stated that "there was no evidence Juror Hibbitts was biased against defendant in any way as a result of his own status as a felon or as a person that had formerly been involved in drugs."

■ "The determination of whether a juror is actually biased is a question of fact." *Fields v. Woodford,* 309 F.3d 1095, 1103 (9th Cir.2002) (*citing Dyer,* 151 F.3d at 973). The Court of Appeals' determination enjoys a presumption of correctness under 28 U.S.C. § 2254(e)(1) unless Ross produces clear and convincing evidence to rebut the presumption. Ross has not met this burden because he offered no evidence in the state evidentiary hearing to contradict Hibbitts' testimony that he did not know Ross, did not know any witnesses, and had no special interest in Ross' case. Because Ross chose not to introduce the testimony of attorney Penley in the state hearing, he cannot meet the Anti–Terrorism and Effective Death Penalty Act's

* This panel unanimously finds this case suitable for decision without oral argument. *See*

standard that would entitle him to a new hearing in district court. *Id.* § 2254(e)(2).

**AFFIRMED.**